*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Guardianship of LMW, Minor.

UNPUBLISHED
April 11, 2024

No. 367928
Charlevoix Probate Court
LC No. 17-012503-GM

Before: GADOLA, C.J., and BORRELLO and PATEL, JJ.

PER CURIAM.

Petitioner appeals as of right the probate court's order denying his petition to modify the guardianship in this case to require respondents to allow him video conference contact with LMW. We affirm.

## I. FACTS

Petitioner is LMW's father; respondents are LMW's maternal grandparents. In 2011, shortly after her birth, LMW was placed in a guardianship with her paternal grandmother amidst allegations that the parents had neglected the child.[1] The paternal grandmother and respondents thereafter were granted shared custody of LMW, and in 2013, respondents were granted sole custody of LMW. Since that time the child has lived exclusively with respondents. In 2014, petitioner was convicted in Texas of possession and distribution of child pornography; he was sentenced to 60 months' imprisonment and 20 years' supervised release.

In 2017, respondents moved from Virginia to Michigan with LMW, where they petitioned for continued guardianship of LMW. The probate court granted respondents full guardianship of LMW, ordering parenting time at the discretion of respondents and in accordance with existing court orders. The probate court renewed the guardianship each year thereafter.

---

[1] LMW's mother was involved in substance use and criminal activity. LMW has regular weekly contact with her mother, who lives in Virginia, via phone or facetime. LMW's mother is not a party to this appeal.

In October 2019, petitioner was released from prison. In October 2022, petitioner petitioned the probate court to modify LMW's guardianship. He requested that the probate court establish an appropriate plan for parenting time between him and LMW, beginning with video conferencing. The probate court ordered the Department of Health and Human Services (DHHS) to issue an investigation report on LMW's guardianship and petitioner's request. DHHS reported that petitioner was current on his child support obligations and was participating in individual counseling. DHHS reported that although petitioner requested video contact with LMW, he was agreeable to establishing contact at a more gradual pace. DHHS reported that LMW expressed "both partial interest and reluctancy" regarding contact with petitioner. DHHS recommended that any contact between petitioner and LMW be limited to written letters monitored by respondents for at least the first four to six months.

In December 2022, the probate court held a hearing on petitioner's petition to modify the guardianship. Petitioner testified that he believed video chats would be a safe way to establish contact with LMW and start a relationship with her. Petitioner confirmed he had been convicted of child pornography charges and that he was currently on probation. Petitioner also confirmed he had violated his probation in 2019, and that he had been reprimanded by his probation officer regarding several social media posts he made on his Facebook account that included sexually suggestive pictures of anime characters. At the conclusion of the hearing, the probate court denied petitioner's petition to allow video contact, but permitted petitioner to write letters to LMW and send her gifts. The probate court expressed concern over petitioner's recent Facebook posts, his criminal history involving child pornography, and the potential for a screenshot to be taken during a video conference.

In July 2023, petitioner filed a second petition to modify LMW's guardianship, again asking the probate court to permit him video conference contact with LMW. Petitioner reported that in the months following the December 2022 hearing, petitioner sent letters to LMW at least once a week and LMW replied by letter only once every three months, although respondents updated petitioner each month about LMW's status. The probate court again ordered DHHS to prepare a report regarding petitioner's request. DHHS reported that LMW was comfortable with contacting petitioner only through letter writing.

In September 2023, the probate court held a hearing on petitioner's second petition. DHHS confirmed its recommendation that LMW's contact with petitioner remain at the discretion of respondents and be based on LMW's preferences. Respondents asserted that LMW had expressly indicated she did not want to engage in video chats with petitioner and that she was content with letter writing. Respondents also asserted that petitioner was still on probation for his child pornography conviction and expressed concern regarding LMW's welfare considering petitioner's criminal history.

The probate court again denied petitioner's request for video contact with LMW. The probate court stated that considering the nature of the petitioner's conviction, it was "not persuaded at this point in time that the guardianship should be modified to require the video visits over [LMW's] objection or over [respondents'] objection." The probate court reasoned that LMW had been in respondents' care for most of her life, and that "to disrupt that over her objection seems to be contrary to her welfare." The probate court ordered that parenting time was to remain within

respondents' discretion, stating that respondents had discretion to facilitate video contact if LMW changed her mind and wanted the contact. Petitioner now appeals.

## II. DISCUSSION

Petitioner contends that the probate court abused its discretion by denying his petition to modify LMW's guardianship to require respondents to permit him video conferencing contact with LMW. Petitioner argues that the trial court erred by failing to make findings regarding LMW's best interests under the best-interests factors set forth in MCL 700.5101(a). Petitioner further argues that the trial court erred by considering only LMW's preference in denying the petition. We disagree.

We review the probate court's dispositional rulings for an abuse of discretion and review for clear error the factual findings underlying the probate court's decision. *In re Portus*, 325 Mich App 374, 381; 926 NW2d 33 (2018). The probate court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes, and when it makes an error of law. *Id*. A factual finding by the probate court is clearly erroneous if this Court is left with a definite and firm conviction that a mistake has been made, even if some evidence supports the finding. *Id*.

This case involves a minor-guardianship proceeding under MCL 700.5204(2)(b), which is part of the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq*. MCL 700.5204 authorizes the probate court to appoint a guardian for a minor under certain circumstances. A guardianship does not permanently sever the parent-child relationship and is not tantamount to a termination of parental rights. *In re TK*, 306 Mich App 698, 704-705; 859 NW2d 208 (2014).

In 2017, after moving to Michigan, respondents petitioned the probate court for continued guardianship of LMW under MCL 700.5204(1), which permits a "person interested in the welfare of a minor" to petition the probate court for guardianship of the minor. *In re ADW*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 368361); slip op at 3. At that time, LMW was six years old and had been living in the care of respondents, her maternal grandparents, in Virginia for approximately three years pursuant to an agreement with LMW's parents. At that time, petitioner was incarcerated. The probate court granted respondents full guardianship of LMW.

Petitioner has twice moved to modify the guardianship to compel respondents to permit video contact between petitioner and LMW. The probate court determined that petitioner could have contact with the child by written letters under respondents' supervision, but declined to require LMW to participate in video conferencing; the probate court explained that respondents have discretion to permit LMW to video conference with petitioner in the future if LMW changes her mind and wants video contact with petitioner.

Petitioner contends that in making this decision the probate court was required to review the best interests of the child factors set forth in MCL 700.5101(a). In support of his argument,

petitioner points to unpublished authority[2] of this Court in which, in the context of terminating a guardianship, the probate court considered the best interests of the children in that case by applying the factors set forth in MCL 700.5101(a). See *In re Guardianship of ER*, unpublished per curiam opinion of the Court of Appeals, issued December 15, 2022 (Docket Nos. 362398, 362399), p 1-2. That case, however, involved the termination of a guardianship. *Id*. at 3. MCL 700.5209(2)(a) authorizes a probate court to terminate a guardianship "if the court determines that it is in the best interests of the minor."

By contrast, in this case, petitioner sought parenting time with LMW, which the court granted but limited to written letters. Under MCL 700.5204(5), "[f]or the minor ward's welfare, the court may at any time order . . . reasonable parenting time and contact of the minor ward with his or her parents." The statute does not direct the probate court to consider the best interests of the minor child. Because petitioner in this case sought parenting time, the probate court was not required by MCL 700.5204(5) to specifically consider or make findings regarding the statutory best-interests factors when ruling on petitioner's petition.

Petitioner also contends that the probate court erred by considering only LMW's preferences when determining the mode of communication permitted between petitioner and LMW. We disagree that the probate court limited its inquiry to LMW's preferences. The probate court considered that petitioner was convicted of child pornography charges, was still on probation related to those charges, and had violated his probation after he was released from prison. The probate court also specifically considered that, due to the digital format of the proposed contact, petitioner would be able to take screenshots of LMW during the chats. The probate court also expressed concern over petitioner's recent Facebook posts that depicted sexually suggestive content.

The probate court also considered LMW's preference. DHHS reported that LMW expressed she was not ready to speak with petitioner via video conferencing and that she would think about having more contact with him when she is an adult. Because LMW had been in respondents' care for most of her life, the court concluded that "to disrupt that over her objection seems to be contrary to her welfare." The court then acknowledged that, while progress in petitioner's and LMW's relationship may be slow in developing, neither respondents nor LMW "are resistant in a way that progress [cannot] be made." The court concluded that, in the event LMW wanted to contact petitioner through video conferencing, respondents had discretion to permit that contact. The probate court thus did not limit its consideration to LMW's wishes, but correctly gave LMW's wishes the deference to which they are entitled. Petitioner, too, should consider LMW's wishes paramount in this matter.

We agree with the probate court that video contact with LMW may be contrary to her welfare considering petitioner's child pornography conviction, his recent Facebook posts, and the potential to use LMW's image. Taken together with LMW's preference that her contact with

---

[2] Unpublished opinions of this Court are not precedentially binding, but may be considered instructive or persuasive. MCR 7.215(C)(1); *Broz v Plante & Moran, PLLC*, 331 Mich App 39, 47 n 1; 951 NW2d 64 (2020).

-4-

petitioner remain limited to letter writing, we conclude the court did not clearly err when it determined that video contact would be contrary to LMW's welfare.

The probate court properly considered petitioner's petition and did not abuse its discretion when it declined to modify LMW's guardianship to compel LMW to participate in video conferencing with petitioner.

Affirmed.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Sima G. Patel